UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICARDO IGNACIO GILL,

    Petitioner,

v.    Case No. 3:18-cv-725-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

This Cause is before the Court on Petitioner's November 10, 2022, Motion to Alter or Amend Judgment (Motion) (Doc. 114), moving this Court to alter or amend its Judgment (Doc. 113) and Order (Doc. 112). Respondents filed a Response (Doc. 115). Petitioner also seeks the granting of a certificate of appealability on three claims: (1) competency to proceed; (2) competency to waive challenges to his death sentence; and (3) the ineffectiveness of trial counsel for failure to investigate and present evidence of Petitioner's incompetency and for counsel's acquiescence to his removal from the case. Reply (Doc. 120).

Pursuant to Rule 59(e), Federal Rules of Civil Procedure, Petitioner moves this Court to alter or amend the judgment as reflected in the Court's October 14, 2022 Order (Doc. 112) denying the Petition for Writ of Habeas

Corpus (Doc. 30) and denying a certificate of appealability. The Clerk entered Judgment (Doc. 113) on October 14, 2022. Petitioner filed a Reply (Doc. 120) on December 7, 2022.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000), cert. denied, 532 U.S. 926 (2001); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). The Supreme Court explained the Rule has a "corrective function" giving a district court the opportunity to rectify mistakes shortly after its decision. Banister v. Davis, 140 S. Ct. 1698, 1703 (2020). Therefore, under Rule 59(e), "a district court may 'alter or amend a judgment.'" Jenkins v. Anton, 922 F.3d 1257, 1263 (11th Cir. 2019). However, "[t]he only grounds for granting a Rule 59 motion are newly- discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir.) (per curiam) (quotations and citations omitted), cert. denied, 552 U.S. 1040 (2007). See Hamilton v. Sec'y, Fla. Dep't of Corr., 793 F.3d 1261, 1266 (11th Cir. 2015) (per curiam) (same), cert. denied, 578 U.S. 926 (2016).

This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising

2

of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d at 1047.

Petitioner has not shown the existence of manifest error of law or fact. He has failed to present facts or law of a strongly convincing nature that would induce this Court to reverse its prior decision. Through his Motion, Petitioner is attempting to relitigate matters already considered and rejected by the Court. See Friedson v. Shoar, No. 20-14803, 2021 WL 5175656, at *5 (11th Cir. Nov. 8, 2021) (per curiam) (not reported in Fed. Rptr.) (disavowing use of a Rule 59(e) motion to relitigate old matters or raise new arguments that could have been raised prior to entry of judgment). Relatedly, the "post-Pinholster paradigm" precludes the supplementation of the trial court record unless a petitioner has demonstrated a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely

on the state court record. Fairley v. Jones, No. 3:12cv301/RV/CJK, 2015 WL 3562559, at *5 - *6 (N.D. Fla. May 1, 2015) (not reported in F.Supp.3d) (relying on Cullen v. Pinholster, 563 U.S. 170 (2011) and Pope v. Sec'y, Fla. Dep't of Corr., 752 F.3d 1254 (11th Cir. 2014)), report and recommendation adopted by 2015 WL 3604059 (N.D. Fla. June 5, 2015).

Petitioner has not demonstrated any basis under Rule 59 warranting the Court's granting of a motion to alter or amend its Order (Doc. 112) denying the Petition and denying a certificate of appealability. Petitioner has not identified any change in the law or clear error by the Court. A review of the applicable law convinces this Court that it has not committed a clear error in interpreting the law or the facts.

In conclusion, the Court finds this is not a case in which the extraordinary remedy of 59(e) is warranted; therefore, Petitioner is not entitled to the relief requested, and the Motion is due to be denied.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion to Alter or Amend Judgment (Doc. 114) is **DENIED.**

2. If Petitioner appeals the denial of the Motion (Doc. 114), **the Court denies a certificate of appealability**.[1] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of January, 2023.

BRIAN J. DAVIS
United States District Judge

sa 1/23
c:
Counsel of Record

---

[1] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.